IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:15-CV-557-FL

| | | |
|---|---|---|
| *In re*: | ) | |
| | ) | |
| CHESTER MCKINLEY WEST and | ) | |
| PHYLLIS JEAN WRIGHT-WEST, | ) | |
| | ) | |
| Debtors, | ) | |
| _____ | ) | |
| | ) | |
| SHARON MCDUFFIE; ALVITA | ) | |
| ROBERTS; and CAROL TERRELL, | ) | ORDER |
| | ) | (UNDER SEAL)[1] |
| Appellants, | ) | |
| v. | ) | |
| | ) | |
| CHESTER M. WEST and PHYLLIS J. | ) | |
| WRIGHT-WEST, | ) | |
| | ) | |
| Appellees. | ) | |

This matter is before the court on appeal from the Untied States Bankruptcy Court for the Eastern District of North Carolina. Appellants challenge the bankruptcy court's decision to allow debtor-appellee Chester West to testify as to the value of debtors' residence, as well as that court's order entered pursuant to 11 U.S.C. § 522(f), which allowed debtors to avoid $79,218.53 of an $83,354.76 judicial lien[2] held by appellants in the value of that residence. Debtors have not

---

[1] The court's analysis relies, in part, on documents filed under seal. Within 14 days, the parties jointly shall return to the court by U.S. Mail, addressed to the case manager, a copy of this order marked to reflect any perceived necessary redactions. Upon the court's inspection and approval, a redacted copy of this sealed order will be made a part of the public record.

[2] There is some discrepancy as to whether appellants hold one judicial lien, or three separate liens. Debtors' bankruptcy filing lists them as three separate liens. However, those liens appear to arise out of the same civil judgment entered against debtors in Wake County, North Carolina, District Court. This discrepancy does not affect the court's analysis. For ease of reference, the court refers to appellants' singular "lien."

responded in opposition to this appeal, but the time for response has passed.  In this posture, the issues raised are ripe for ruling.  For the reasons stated more specifically below, the court reverses the bankruptcy court's evidentiary ruling, vacates the bankruptcy court's order, and remands this case for further proceedings.

## BACKGROUND

Debtors filed a Chapter 13 bankruptcy petition on March 24, 2015.  On May 14, 2015, debtors filed the motion to set aside appellants' judicial lien now on appeal.  Debtors sought to avoid, at least in part, a judicial lien then valued at $79,565.00 held by appellants in the value of debtors' home, located at 8829 Kirkstall Court, in Raleigh.  In support of their motion, debtors argued that the Kirkstall Court property, which they said was worth $258,297.00, was encumbered by $182,340.00 in debt secured by deeds of trust, leaving only $75,957.00 from which to pay appellants' judicial lien, as allowed by 11 U.S.C. § 522(f).  Further, debtors argued that they were entitled to a $70,000.00 exemption from their bankruptcy estate under North Carolina law, N.C. Gen. Stat. § 1C–1601(a)(1), and 11 U.S.C. § 522(f)(2).  As a result, debtors requested that the court excuse the judicial lien held by appellants to the extent it could not be satisfied out of the unencumbered, non-exempt value of the Kirkstall Court property, $5,957.00.

Appellants opposed debtors' motion.  They did not disagree with the implementation of debtors' proposed formula; if the numbers were as debtors claimed, appellants conceded that debtors would be entitled to avoid in part their judicial lien held in the value of the Kirkstall Court property. However, appellants did disagree with debtors' valuation of the Kirkstall Court property.  According to appellants, the $258,297.00 figure put forward by debtors was not accurate, and was in fact irrelevant since it was derived entirely from a tax assessment performed by Wake County, North

Carolina, in January 2008. To appellants' way of thinking, that tax assessment was irrelevant for two reasons. First, it was simply too old; the statute, 11 U.S.C. § 522(a)(2), requires the court to calculate the Kirkstall Court property's fair market value as of the "petition date," March 24, 2015. Second, the Kirkstall Court property's tax value was totally different from the fair market value that § 522(a)(2) required.

The bankruptcy court held hearing on debtors' motion on September 2, 2015. At hearing it received into evidence West's testimony. Debtors' attorney previewed West's testimony, saying he was "here to testify as to the basis of his value, [$258,297.00,] which was tax value." (Hearing Tr., DE 6, 6:14–15). Elsewhere he reiterated that debtors relied on the "Wake County tax card, as far as [their] value." (Id. 6:8–11). After West was sworn, he opined that the value of the Kirkstall Court property was $258,297.00, and cited as his basis for that opinion the 2008 "public information Wake County tax assessment." (Id. 15:15–22). Appellants' attorney vociferously objected to West's testimony throughout the proceeding.

The bankruptcy court overruled his objection and granted the motion. The bankruptcy court found that the Kirkstall Court property's fair market value was $258,297.00, that its fair market value was encumbered by deeds of trust in the amount of $184,825.77 (reflecting the petition date amount plus interest), and that debtors were entitled to exempt from the bankruptcy estate $69,335.00 under 11 U.S.C. § 522(f) and N.C. Gen. Stat. § 1C–1601(a)(1) (debtors had used $665.00 of their $70,000.00 statutory exemption for purposes not relevant here, as allowed by § 1C–1601(a)(2)). Based on those calculations, the bankruptcy court held that debtors were entitled to avoid all but $4,136.23 of appellants' judicial lien held in the value of the Kirkstall Court property, which, by that time, was worth $83,354.76.

This appeal followed. Appellants loosely argue two theories on appeal. First, they contend that the bankruptcy court abused its discretion by allowing West to opine on the value of the Kirkstall Court property because he was unqualified to do so. Second, appellants suggest that the bankruptcy court abused its discretion where it allowed West to testify as to the value of the Kirkstall Court property after basing his opinion solely on an eight-year-old tax assessment.

## COURT'S DISCUSSION

A.   Standard of Review

A bankruptcy court's evidentiary rulings are reviewed for abuse of discretion. See United States v. Cone, 714 F.3d 197, 219 (4th Cir. 2013). A reviewing court will not reverse a ruling committed to the bankruptcy court's discretion unless it was "guided by erroneous legal principles," Westberry v. Gislaved Gummi AB, 178 F.3d 257, 261 (4th Cir. 1999), "rests upon a clearly erroneous factual finding," id., or otherwise is "arbitrary and irrational." Cone, 714 F.3d at 219.

B.   Analysis

The issue presented is whether a homeowner may opine on the value of his home, where the sole basis for his opinion is a tax assessment prepared by a third party. The court holds he may not. Although a homeowner usually is free to offer lay opinions as to the value of his home, testimony based solely on a tax assessment prepared by a third-party is not an opinion "rationally based on the [homeowner's] perception," thus running afoul of Federal Rule of Evidence 701. Fed. R. Evid. 701(a).

The bankruptcy code allows a debtor to "avoid" a judicial lien to the extent that judicial, non-consensual lien impairs any consensual lien (in this case, the deeds of trust) or the debtor's statutory exemption created under state law. 11 U.S.C. § 522(f). Determining whether avoidance is allowed,

and if so, the extent of any avoidance, is a two step process. See E. Cambridge Sav. Bank v. Silveira (*In re* Silveira), 141 F.3d 34, 35–38 (1st Cir. 1998); Prangley v. Cokinos, 509 B.R. 822, 826 (D. Md. 2014). First, the court must determine the fair market value of the property as of the petition date. See 11 U.S.C. § 522(a). Second, the court subtracts from the property's fair market value 1) the amount of any consensual liens and 2) the amount of any exemptions allowed under state law. See id. § 522(f)(2). The remaining amount, if greater than zero but less than the judicial lien amount, is the amount that the debtor must pay to the judicial lien holder(s). The difference between the original amount of the judicial lien and the amount the debtor must pay based on the § 522(f) calculation is the amount avoided.

The debtor bears the burden of establishing the fair market value of the property as of the petition date. See Schoonover v. Karr, 285 B.R. 695, 700 (S.D. Ill. 2002) (so holding; collecting cases). To do so here, debtors relied on West's lay opinion on the value of the Kirkstall Court property. Lay opinions are admissible in bankruptcy proceedings if they are 1) "rationally based on the witness's perception," 2) helpful, and 3) not expert opinions. Fed. R. Evid. 701; Fed. R. Bankr. P. 9017. As a general rule, a homeowner is presumed to be "competent to testify on the value of his own [home]. Christopher Phelps & Assocs. v. Galloway, 492 F.3d 532, 542 (4th Cir. 2007) (citing State Highway Comm'n v. Helderman, 285 N.C. 645 (1974); Fed. R. Evid. 701 advisory committee note). Flaws in the homeowner's opinion typically go to the weight of his testimony, not its admissibility. See White v. Atl. Richfield Co., 945 F.2d 1130, 1133 (9th Cir. 1991).

On the facts of this case, the bankruptcy court abused its discretion when it allowed West to opine on the fair market value of the Kirkstall Court property. Although homeowners are given wide latitude to opine on the fair market value of their home, that doesn't excuse a homeowner's

opinion from the Rules of Evidence. A lay opinion must be based on the witness's perception, not someone else's. See Cunningham v. Masterwear Corp., 569 F.3d 673, 676 (7th Cir. 2009); United States v. 68.94 Acres of Land, 918 F.2d 389, 398 (3d Cir. 1990).[3] The 2008 tax assessment was not based on West's perception; obviously, it was based on the tax assessor's. More important, West's testimony suggested that he took the tax assessor's 2008 opinion at face value, without actually considering whether or not it was correct. Thus, West's opinion, grounded solely in the 2008 tax assessment was not proper under Rule 701 and should have been excluded.

The court writes separately to clarify the narrow scope of its holding. This case appears to present an unusual situation. West based his opinion solely on the tax assessment, but he never expressed any subjective opinion or belief as to the value of the Kirkstall Court property. The court vacates the bankruptcy court's order only because of the singular nature of West's opinion. It cannot be stressed enough, a homeowner has a "long leash" when it comes to opinion testimony about the value of his home. It appears that almost any basis within the perception of the homeowner will suffice. See Robinson v. Watts Detective Agency, Inc., 685 F.2d 729, 739 (1st Cir. 1982) (observing speaking to third parties is "a common and reliable way" for an owner to measure the fair market value of his property); United States v. 3,698.63 Acres of Land, 416 F.2d 65, 68 (8th Cir. 1969) (landowner's opinion admissible where he has "familiarity with the land and its productivity even though [he] lack[s] experience in real estate valuation and ha[s] not based [his] estimates on sales

---

[3] Some courts consider homeowners to be experts on the value of their home and admit the homeowner's opinion under Rule 702. See, e.g., LaCombe v. A-T-O, Inc., 679 F.2d 431, 434 (5th Cir. 1982) ("[T]he testimony of an owner as to the value of his property is admitted under the Federal Rules of Evidence under Fed. R. Evid. 702 (Testimony by Experts)."). Characterization of West's testimony as expert opinion does not change the result. It is the same under either rule. See SAS Inst., Inc. v. World Programming Ltd., 125 F. Supp. 3d 579, 587 (E.D.N.C. 2015) ("Rule 702 does not grant an expert an unlimited license to testify in a manner that simply summarizes otherwise admissible evidence without some connection to the expert's proffered expertise.").

of comparable property"). Errors, misconceptions, or discrepancies in the homeowner's opinion affect its weight, not its admissibility. See White, 945 F.2d at 1133. Here, however, West did not have a basis for his opinion within his perception. Rather, he wanted to, and did, act as a conduit for the opinion of the tax assessor, without any indication that his $258,297.00 fair market value figure reflected his independent judgment. The rules do not permit that.

In any case, the bankruptcy court's order cannot be saved by reference to the 2008 tax assessment; it simply isn't relevant. Evidence is relevant if it has any tendency to make a fact of consequence more or less likely. See Fed. R. Evid. 401. For purposes of debtors' motion to avoid appellants' judicial lien, the bankruptcy court was required to calculate the Kirkstall Court property's fair market value as of the petition date, March 24, 2015. As the bankruptcy court observed, tax assessments are done octennially. (Hearing Tr. 23:5–8). The Kirkstall Court property's tax value, as assessed in 2008, bears no relationship to its fair market value on March 24, 2015. See Prangley, 509 B.R. at 829 (holding expert opinion addressing fair market value of property 16 days after petition date irrelevant for purposes of a motion to avoid a judicial lien); *In re* Bradley, 369 B.R. 147, 152 (Bankr. S.D.N.Y. 2007) (holding valuation set six-years post-petition irrelevant for purposes of a motion to avoid a judicial lien). Thus, the 2008 tax assessment does not make it more or less likely that $258,297.00 was the actual fair market value of the Kirkstall Court property on March 24, 2015.

In sum, the bankruptcy court's ruling allowing West to testify to the fair market value of the Kirkstall Court property based solely on the 2008 tax assessment was "arbitrary and irrational" and must be reversed. Cone, 714 F.3d at 219. As a result, the bankruptcy court's order allowing debtors' motion to avoid appellants' judicial lien must be vacated.

## CONCLUSION

Based on the foregoing, the court REVERSES the bankruptcy court's evidentiary ruling and VACATES the bankruptcy court's order granting debtors' motion to avoid appellants' judicial lien, made pursuant to 11 U.S.C. § 522(f).  The court REMANDS this case to the bankruptcy court for further proceedings not inconsistent with this opinion.  The clerk is DIRECTED to close this case.

SO ORDERED, this the 15th day of July, 2016.

_____
LOUISE W. FLANAGAN
United States District Judge